UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DONALD N. TIMM and | ) | |
| MARY K. TIMM, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-232-PPS-JEM |
| | ) | |
| GOODYEAR TIRE AND RUBBER | ) | |
| COMPANY, GOODYEAR DUNLOP | ) | |
| TIRES NORTH AMERICAN, LTD., | ) | |
| HARLETY DAVISON, INC., | ) | |
| TEGOL, INC., and NANAL, INC., | ) | |
|     Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Defendant Harley-Davidson Motor Company Group, LLC's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue [DE 20], filed by Defendant Harley-Davidson Motor Company Group, LLC, sued as Harley-Davidson, Inc., on August 18, 2014. Plaintiffs filed a response on September 1, 2014, and Defendant Tegol, Inc., filed a response in opposition to the Motion on September 11, 2014. Harley-Davidson filed its reply on September 19, 2014. Defendants Goodyear Tire and Rubber Company Inc., Goodyear Dunlop Tires North America, Ltd., and Nanal, Inc., did not file any briefs related to the instant Motion.

On September 19, 2014, Chief Judge Philip P. Simon entered an Order [DE 46] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the

following reasons, the Court recommends that the District Court deny the Motion.

## ANALYSIS

Plaintiffs Donald Timm and Mary Timm filed their Complaint on July 8, 2014, including claims for negligence and product liability against Defendants for injuries that arose out of a motorcycle accident in Nebraska. In the instant Motion, Harley-Davidson moves to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to have the Court transfer this case to a district where venue is appropriate. The Timms and Defendant Tegol oppose transfer of venue. Defendants Goodyear Tire and Rubber Company Inc., Goodyear Dunlop Tires North America, Ltd., and Nanal, Inc., did not join in or respond to the instant Motion, did not contest venue or jurisdiction in their Answers, and have not filed motions to dismiss.

Under 28 U.S.C. § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue in federal district court is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in–
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Harley-Davidson argues that none of the three criteria is met in this case because none of the defendants are residents of the Northern District of Indiana, no substantial part of the events giving rise to the claim occurred in the Northern District of Indiana, and there are other districts where venue is proper. It requests dismissal or transfer of the case. Plaintiffs argue that the Complaint lays out a *prima facie* case for jurisdiction in the Northern District of Indiana and the case should not be transferred, primarily arguing that jurisdiction is appropriate under section 1391(b)(2) because a substantial part of the events and property that are the subject of the case are located in the Northern District of Indiana. Defendant Tegol argues that, despite Harley-Davidson's contentions, all of the defendants are, in fact, residents of Indiana for the purposes of determining venue. In its reply, Harley-Davidson argues that Plaintiffs have not sufficiently alleged that all defendants are residents of Indiana.

28 U.S.C. § 1391 defines residency for the purposes of venue, stating, in relevant part, that

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

28 U.S.C. § 1391(c)(2). As the Seventh Circuit Court of Appeals has explained, "in cases brought in states with multiple judicial districts . . . , a corporation resides in any district in which it would be subject to personal jurisdiction were that district a state. Thus, for purposes of evaluating venue, we must consider whether [the defendant] would be subject to personal jurisdiction in the [district where the case was filed]." *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 732 (7th Cir. 2013) (citing 28 U.S.C. § 1391(c)(2) & (d)).

Neither Harley-Davidson nor any of the other defendants has contested personal jurisdiction

in this district, and the defense of lack of personal jurisdiction is one that can be waived. *See In re Kutrubis*, 550 F. App'x 306, 309 (7th Cir. 2013) ("'Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.' One way in which a party may waive its personal jurisdiction objection is by failing to raise it at the earliest opportunity.") (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Most courts that have considered the question, including those in this circuit, have determined that parties who do not address personal jurisdiction in their initial Rule 12 motion to dismiss or transfer venue have waived it. *See Imperial Crane Servs., Inc. v. Cloverdale Equip. Co.*, No. 13 C 04750, 2013 WL 5904527, at *4 n.7 (N.D. Ill. Nov. 4, 2013) ("[The plaintiff] argues that venue is also proper pursuant to § 1391(b)(1) because, as an entity subject to personal jurisdiction in this district, [the defendant] is a 'resident' of this district for purposes of venue. As noted above, venue is proper in any district in which a defendant corporation is subject to the court's personal jurisdiction. [The defendant] has not contested this court's personal jurisdiction. By filing the present motion without previously or contemporaneously filing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, [the defendant] has waived that defense. Venue is thus also proper under § 1391(b)(1) because [the defendant] is a resident of this district."); *XPO Logistics, Inc. v. Gallatin*, No. 13 C 1163, 2013 WL 3835358, at *5 (N.D. Ill. July 24, 2013) ("[The defendant] did not seek dismissal of any counts based on lack of personal jurisdiction in its initial motion and thus any challenge on that basis is waived. Because venue is proper in a district in which the defendant resides and [the defendant] is deemed a resident of Illinois for purposes of the challenged claims, [the plaintiff]'s claims are properly venued in this district."); *see also Buckley v. G.D USA, Inc.*, No. 5:13-CV-05216, 2014 WL 3896178, at *4 n.5 (W.D. Ark. Aug. 7, 2014) ("For purposes of venue,

a defendant corporation resides in any judicial district in which it is subject to the court's personal jurisdiction. [The defendant] has waived any objection to the Court's exercise of personal jurisdiction by failing to raise the issue in its motion to dismiss. Venue is proper in this district."); *Scar Heal, Inc. v. JJR Media, Inc.*, No. 8:14-CV-733-T-33AEP, 2014 WL 3586500, at *3 (M.D. Fla. July 8, 2014) ("This Court finds that venue is proper under 28 U.S.C. § 1391(b)-(c). Defendants failed to object to this Court's personal jurisdiction because Fed.R.Civ.P. 12(b)(2) was neither mentioned nor discussed in their Motion to Dismiss, and, as a result, the argument is waived."); *Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13-CV-1569 CAS, 2014 WL 897368, at *6 (E.D. Mo. Mar. 6, 2014) ("[The defendant] waived the defense of lack of personal jurisdiction by failing to raise it as an affirmative defense in its answer [or a previous Rule 12 motion]. Because [the defendant] waived any objection to this Court's exercise of personal jurisdiction, this forum is also a proper venue."); *Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 1:12-CV-0229-JEC, 2013 WL 5423106, at *3 n.2 (N.D. Ga. Sept. 26, 2013) ("The defendants did not raise any personal jurisdiction objections in their motion, which sought only to dismiss the case for improper venue under Rule 12(b)(3). Therefore, they have waived the defense that the court lacks personal jurisdiction over them."); *but see Rankel v. Kabateck*, No. 12 CV 216 VB, 2013 WL 7161687, at *3 (S.D.N.Y. Dec. 9, 2013) (noting that "the existence of venue should be analyzed as of the time of filing, without regard to whether a defendant may waive a defense based on lack of personal jurisdiction by virtue of its conduct during litigation" but concluding that there was no need to make a personal jurisdiction finding in that case) (quoting *Bell v. Classic Auto Grp.,* No. 04CIV.0693, 2005 WL 659196, at *5 (S.D.N.Y. Mar. 21, 2005)); *Oden Metro Turfing, Inc. v. Cont'l Cas. Co.*, No. CIV.A. 12-1547, 2012 WL 5423704, at *6 (W.D. La. Oct. 10, 2012) (noting that "[w]hen

determining personal jurisdiction for venue purposes, the court must make a separate inquiry into personal jurisdiction as it existed when the complaint was filed, irrespective of subsequent consent or waiver" and concluding that there was no personal jurisdiction because the plaintiff failed "to supplement the record with evidence to support [the plaintiff]'s claim that the Court has personal jurisdiction over [the defendant]").

In this case, Harley-Davidson did not contest personal jurisdiction in its Rule 12 motion, and even after Tegol asserted that the Court has personal jurisdiction over all Defendants in this action, Harley-Davidson did not argue that it is not subject to personal jurisdiction in this district. Instead, it merely argues that Plaintiffs have not met their burden of proving Harley-Davidson is a resident of Indiana.

The Seventh Circuit has not clearly identified the party that bears the burden of proof for venue. *See Robinson Steel Co. v. Caterpillar Inc.*, No. 2:10 CV 438, 2011 WL 923415, at *5 (N.D. Ind. Mar. 14, 2011) ("In the Seventh Circuit, it is not clear which party bears the burden of proof for venue.") (citing cases; citations omitted); *Stickland v. Trion Grp., Inc.*, 463 F. Supp. 2d 921, 924-25 (E.D. Wis. 2006) ("When a defendant does object to the plaintiff's choice of venue, courts and commentators disagree as to which party bears the burden of proof. The Seventh Circuit appears not to have definitively resolved the question.") (comparing *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir.1998) to *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir.1969)) (other citations omitted). Furthermore, "[e]ven if it is the plaintiff's burden to prove proper venue, it can do that through its allegations which are taken to be true when considering a motion to dismiss pursuant to Rule 12(b)(3)." *Robinson Steel Co.*, 2011 WL 923415, at *5 (citations omitted); *see also Payne v. N. Tool & Equip. Co.*, No. 2:13-CV-109-JD, 2013 WL 6019299, at *2

(N.D. Ind. Nov. 12, 2013) ("When deciding a motion to dismiss for improper venue, . . . the Court must still take all allegations in the complaint as true, and the Court must resolve all factual disputes in favor of the party contesting the motion to dismiss.").

In the Complaint, Plaintiffs allege that venue is proper in this jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), which provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Harley-Davidson has not provided any argument or affidavit contesting personal jurisdiction in the Northern District of Indiana, thereby waiving the defense of lack of personal jurisdiction. The Court concludes that Harley-Davidson is subject to this Court's personal jurisdiction and is thus deemed to reside in the Northern District of Indiana pursuant to 28 U.S.C. § 1391(c)(2), making this an appropriate venue pursuant to 28 U.S.C. § 1391(b). Accordingly, neither dismissal or transfer are appropriate.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DENY** the Defendant Harley-Davidson Motor Company Group, LLC's Motion to Dismiss, and in the Alternative, Motion to Transfer Venue [DE 20].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th

Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 17th day of November, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Chief Judge Philip P. Simon