# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

DONALD N. TIMM and            )
MARY K. TIMM,                 )
     Plaintiff,         )
                              )
     v.                 )   CAUSE NO.: 2:14-CV-232-PPS-JEM
                              )
GOODYEAR DUNLOP TIRES         )
NORTH AMERICAN, LTD., *et al.,*  )
     Defendants,        )
_____ )
                              )
TEGOL, INC.,                  )
     Crossclaimant,     )
                              )
     v.                 )
                              )
BEIJING RIDER FASHION SPORT,  )
LTD., *et al.*,               )
     Crossclaim Defendants.  )

## OPINION AND ORDER

This matter is before the Court on:

(1) Motion to Compel, filed twice [DE 144 and 145], by Plaintiffs on July 10, 2015;

(2) Plaintiffs' Motion Requesting Leave of Court to Seal Reply [DE 175], filed by Plaintiffs on August 7, 2015;

(3) Motion for Hearing on Plaintiffs' Motion to Compel [DE 178], filed by Defendants Goodyear Dunlop Tires North America ("GDTNA") and Harley-Davidson on August 10, 2015;

(4) Motion to Strike Plaintiffs' Reply to Defendant Goodyear Dunlop Tires North America, Ltd.'s and Harley-Davidson Motor Company Group, LLC's Responses to Plaintiffs' Motion to Compel [DE 180], filed by GDTNA and Harley-Davidson on August 10, 2015; and

(5) Plaintiffs' Uncontested Motion for Hearing/Ruling on Motion to Compel Additional Discovery for Defendant Goodyear Dunlop Tires North America, Ltd. and Defendant Harley-Davidson Motor Company Group, LLC [DE 187], filed by Plaintiffs on September 22, 2015.

## I.     Background

On July 8, 2014, Plaintiffs filed a Complaint bringing claims of personal injury and products liability against multiple defendants for injuries arising out of a motorcycle accident. Plaintiffs' Amended Complaint was filed on May 22, 2015. Discovery in the case is ongoing.

## II.    Analysis

Plaintiffs move to compel documents responsive to one of their requests for production. Plaintiffs request that their reply brief and attached exhibits be maintained under seal and that the Court accept a redacted version of the reply on the public docket. Harley-Davidson and GDTNA request that the Court strike a large portion of the reply and its exhibits.

### A.     Motions to Strike and Seal

In the Motion to Compel, Plaintiffs request that the Court compel Harley-Davidson and GDTNA to produce (a) discovery on Dunlop tires mounted on the rear of a Harley-Davison motorcycle that suddenly deflated, experienced bead unseating and the sudden loss of control by the motorcyclist during the last ten years and (b) a privilege log for documents being withheld from production pursuant to attorney-client privilege, work-product doctrine, or the deliberate process. In their reply, Plaintiffs request that the Court compel Defendants to produce (a) communications discussing any alleged or suspected failure or defect in a Dunlop D402 tire mounted on the rear of a Harley-Davidson Touring or Cruising motorcycle involved in a crash accident; (b) documentary and photographic results of two specific tests for the D402 tires mounted on a Harley-Davidson

Touring or Crusing motorcycle; and (c) a privilege log describing documents being withheld from production and identification of the privilege under which they are being withheld.

GDTNA and Harley-Davidson move to strike Plaintiffs' reply. They argue that the reply raises issues that were not the subject of the original Motion to Compel on which there has been no meet and confer conference and to which GDTNA and Harley-Davidson have not had the chance to respond. They also request that the Court strike the confidential documents and information included by Plaintiffs that is subject to the parties' agreed protective order. Plaintiffs also move to seal information in the reply that is subject to the protective order and have provided a redacted version of the reply they assert omits that information. Plaintiffs assert that Defendants have identified the information as Confidential and have requested that Plaintiffs file the information under seal.

As has been explained to these parties before, the existence of a protective order does not mean that the documents protected by it are automatically sealed by the Court. Notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court, and a motion to file documents under seal must justify the claim of secrecy pursuant to the applicable legal criteria. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 9445 (7th Cir. 1999); *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). However, the information Plaintiffs seek to seal at the behest of Defendants is also information that Harley-Davidson and GDTNA seek to have stricken.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990).

Generally, arguments raised for the first time in a reply brief are deemed waived. *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004). Plaintiffs' reply brief seeks relief other than that requested in the initial Motion to Compel and includes new arguments, information that must be disregarded by the Court. Harley-Davidson and GDTNA have requested that the new information in the reply, including many of the attached exhibits, much of which they argue is also confidential information, be stricken. Although the information that Plaintiffs seek to have sealed and GDTNA and Harley-Davidson seek to have stricken is covered by the parties' protective order, that does not mean that it will be automatically sealed by the Court. In this case, however, it appears that all of the exhibits, in addition to being documents covered by the protective order, relate to arguments raised for the first time in the reply brief or are communications about discovery that post-date the initial Motion to Compel. These documents should not be on the docket and are stricken, as are the portions of the reply that include these new arguments. Because the information that Plaintiffs seek to have placed under seal is encompassed in the information stricken by the Court at GDTNA and

Harley-Davidson's request, the Motion to Seal is made moot. To avoid docket confusion or unnecessary duplication of filings, the Court will allow the redacted version of the reply brief, on the docket as an exhibit to the Motion to Seal at [DE 175-1], to remain on the docket and will accept it as Plaintiffs' reply brief. To the extent that any information in the redacted version of the reply brief includes arguments raised for the first time therein, it will be disregarded by the Court.

B.    Motion to Compel

Plaintiffs move to compel discovery responsive to their Request for Production 3: "Any and all communications, whether by mail, email, or otherwise advising or discussing and [sic] alleged or suspected failure or defect in a Dunlop D402 tire mounted on the rear of a Harley-Davidson motorcycle involved in a crash accident."

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, as in effect at the time the Motion to Compel was filed, it provided that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to

compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Harley-Davidson argues that the Motion to Compel is directed only at GDTNA's discovery responses, and that Harley-Davidson and GDTNA are separate defendants with different discovery responses such that the Motion does not apply to it. Harley-Davidson states that it responded to Request No. 3, that counsel for Plaintiffs never raised any dispute with Harley-Davidson's response prior to filing the Motion to Compel, and that the Motion does not address Harley-Davidson's responses. In their reply, Plaintiffs argue that the Motion to Compel is directed at both Harley-Davidson and GDTNA because they made the same requests for production to both parties and sent correspondence to "the same attorneys because they represent both Defendants." Although the docket does reflect that two attorneys are counsel of record for both GDTNA and Harley-Davidson, GDTNA and Harley-Davidson are separate parties and do not have identical interests in this suit. The Court will not construe GDTNA's discovery responses as binding Harley-Davidson, and will not compel one Defendant to provide discovery responses for another. Accordingly, the Motion to Compel is denied as to Harley-Davidson.

GDTNA explains that it initially objected to Request No. 3 as unduly burdensome, overly broad, and seeking information that is irrelevant and privileged, but agreed to search for communications with a more limited time frame and scope, and that it in fact served a supplemental response on Plaintiffs reporting that it "ha[d] not located any [communications] between GDTNA and Harley-Davidson regarding any alleged defects of Dunlop D402 tires built at the same plant during the time frame from the 23rd week of 2011 through the 23rd week of 2013 that were alleged

to have been involved in a crash accident while mounted on the rear of a Harley-Davidson motorcycle." GDTNA also reports that it did not receive any communication from Plaintiffs directed at its supplemental response to Request No. 3 before the Motion to Compel was filed.

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discover in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides that a "party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. The Court may deny a motion to compel if it is not accompanied by a proper certification. *Id.*

Plaintiffs did not file a certification regarding the parties' conference pursuant to Local Rule 37-1. They did attach correspondence referring generally to discovery disputes and specifically to other requests and interrogatories, including some concerns that appear to overlap with the contentions about Request No. 3, but did not refer to Request No. 3. The Court will not deny the Motion to Compel solely on the ground that Plaintiffs failed to comply with Local Rule 37-1 and Federal Rule of Civil Procedure 37, but reminds Plaintiffs of the need to comply with the letter and spirit of the Rules requiring good faith conferences on discovery issues, including discussion that specifically addresses the dispute at issue.

In addition to Plaintiffs' failure to comply with Federal Rule of Civil Procedure 37 and Local Rule 37-1, the Motion to Compel is also denied on other grounds. GDTNA explains that the model D402 has been manufactured since approximately 1990, and has been made in a number of

differenct sizes, with different loadcarrying capacities, and that the many different tires are dissimilar in design or construction. A request for all communications for all varieties of D402 tires installed on all Harley-Davidson motorcycles that had crash accidents for more than twenty-five years, with no limitations or relationship to the design of the tire or motorcycle involved in this litigation is over-broad and burdensome. Plaintiffs do not explain what is wrong with the search restrictions imposed by GDTNA in attempts to make the search more feasible or suggest alternative restrictions to limit its initial request (for example, requesting information regarding substantially similar tires on similar-model motorcycles for a particular time limit), and do not appear to have contacted GDTNA to propose or discuss alternative restrictions before filing the instant Motion to Compel.

In addition, the information requested by Plaintiffs in the Motion to Compel, even before the additional arguments included in the reply, differs from the inital request made to GDTNA. As described above, Request No. 3 seeks information about communications discussing the failure of Dunlop D402 tires on the rear of Harley-Davidson motorcycles involved in crash accidents, but in the Motion to Compel Plaintiffs request discovery on ALL Dunlop tires, further broadening an already over-broad request. The Court notes that the request in the reply does include some helpful modifications, limiting the scope to only ten years and specifying the type of failure about which they seek information, and suggests that Plaintiffs continue this attempt to narrow their requests to target them more specifically. *See, e.g.*, *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721-22 (N.D. Ill. 2014) ("Discovery of matter not '"reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1).' The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be

firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. Failure to exercise control results in enormous costs to the litigants and to the due administration of justice.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)) (other citations omitted).

Request No. 3 is over-broad and not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiffs failed to comply with the spirit or letter of Rule 37 that parties moving to compel make a good faith attempt to confer on the discovery dispute that is the subject of the motion.

## III.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Strike Plaintiffs' Reply to Defendant Goodyear Dunlop Tires North America, Ltd.'s and Harley-Davidson Motor Company Group, LLC's Responses to Plaintiffs' Motion to Compel [DE 180] and **DENIES as moot** Plaintiffs' Motion Requesting Leave of Court to Seal Reply [DE 175]. The Court will accept the redacted copy of the reply brief, on the docket as an exhibit to [DE 175]. The Court **STRIKES** the reply [DE 176] and its exhibits and will not consider any of the information or arguments included for the first time in this reply.

The Court **DENIES** the Motion to Compel [DE 144 and 145]. Because the motion to compel was denied, the Court "must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court hereby **ORDERS** Harley-Davidson and GDTNA to **FILE**,

9

on or before **January 8, 2016**, an itemization of its costs and fees, including attorney's fees, incurred in opposing the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Plaintiffs to **FILE** responses to the requests for expenses on or before **January 25, 2016**.

Because the briefing included enough information for the Court to rule on the instant Motion to Compel, the Court hereby **DENIES as moot** the Motion for Hearing on Plaintiffs' Motion to Compel [DE 178] and Plaintiffs' Uncontested Motion for Hearing/Ruling on Motion to Compel Additional Discovery for Defendant Goodyear Dunlop Tires North America, LTD and Defendant Harley-Davidson Motor Company Group, LLC [DE 187].

The Court also notes that counsel for Plaintiffs regularly files a notice along with each motion, adding significant length and confusion to the docket. The Court directs Plaintiffs to the Local Rules for the Northern District of Indiana, which do not contemplate the filing of a notice of motion. The Court **WARNS** Plaintiffs that future extraneous filings may be stricken from the record.

SO ORDERED this 17th day of December, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Defendant Paul Comeau, *pro se*