## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| DONALD N. TIMM and | ) | |
| MARY K. TIMM, | ) | |
|      Plaintiff, | ) | |
| | ) | |
|      v. | ) | CAUSE NO.: 2:14-CV-232-PPS-JEM |
| | ) | |
| GOODYEAR DUNLOP TIRES | ) | |
| NORTH AMERICAN, LTD., *et al.,* | ) | |
|      Defendants, | ) | |
| _____ | ) | |
| | ) | |
| TEGOL, INC., | ) | |
|      Crossclaimant, | ) | |
| | ) | |
|      v. | ) | |
| | ) | |
| BEIJING RIDER FASHION SPORT, | ) | |
| LTD., *et al.*, | ) | |
|      Crossclaim Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Order Granting Leave of Court to File Plaintiffs' Second Amended Complaint [DE 152], filed by Plaintiffs on July 16, 2015, and Plaintiffs' Uncontested Motion Requesting Ruling on Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 189], filed by Plaintiffs on September 22, 2015. Defendants Harley-Davidson Motor Company Group, LLC, and Goodyear Dunlop Tires North America, Ltd., ("GDTNA") each filed a response on July 30, 2015, and Plaintiffs filed a reply on August 14, 2015.

### A.    Procedural History

On July 8, 2014, Plaintiffs filed a Complaint bringing claims of personal injury and products liability against multiple defendants for injuries arising out of a motorcycle accident, specifically

alleging a design defect related to Dunlop D402 motorcycle tires installed on a particular type of Harley-Davidson motorcycle. The Court granted a previous motion to amend, and on May 22, 2015, Plaintiffs' First Amended Complaint was filed, adding entities alleged to be involved in the fabrication, manufacture, importation, sale, and distribution of the motorcycle helmets at issue in this case.

Shortly after filing their responses to the instant Motion to Amend, Counsel for Plaintiffs and Counsel for Defendants Harley-Davidson and GDTNA informed the Court that the parties were attempting to reach an agreement on the Motion and requested that the Court not rule on the pending Motion to allow time for the parties to confer. On September 22, 2015, Plaintiffs filed the instant Motion for Ruling indicating that the parties were unable to reach an agreement and requesting that the Court rule on the pending Motion to Amend.

**B.      Analysis**

Plaintiffs seek leave to add individual employees of Defendant GDTNA and Defendant Harley-Davidson as party defendants. GDNTA and Harley-Davidson object.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. St. Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

In this case, Plaintiffs seek to add 44 individual employees of Harley-Davidson and GDTNA, including officers, managers, and other employees. Plaintiffs argue generally that these individuals should be held personally liable because they had knowledge of a defect in the products being sold. Harley-Davidson and GDTNA argue that the proposed second amended complaint would be futile because the individual employees cannot be held personally liable and are not subject to the jurisdiction of the Court.

An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). In this case, Plaintiffs are attempting to add individuals as defendants in addition to the corporate manufacturers. Plaintiffs do not provide facts particular to the individuals to explain their theories of liability. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

The proposed Amended Complaint includes products liability claims against Harley-Davidson, GDTNA, and their employees for alleged design defect in Dunlop D402 tires, including strict liability claims for delivery of defective tires, breach of the duty to recall the tires and cease their manufacture, and failure to warn of the danger. It adds "the individually named defendant employees" to counts brought against Harley-Davidson and GDTNA, but does not include any statements of the claims showing that Plaintiffs are entitled to relief from any of the proposed individual defendants. Nor does their opening brief contain any argument indicating a theory of personal liability: Plaintiffs merely argue generally that "in the interest of justice, individual

personnel of Defendant Harley-Davidson Motor Company, LLC and Defendant Goodyear Dunlop Tires North America, LTD should be named as parties defendant in a Second Amended Complaint in this cause for failing to take appropriate corrective action." Plaintiffs' reply refers to decades-old cases from other states, none of which provide a basis for holding individual employees liable for a manufacturing or design defect. Rather, "[u]nder Indiana law, it is well settled that a corporate stockholder, director, or officer is not personally liable for the torts of the corporation or any of its agents merely because of his or her office or holdings; some additional connection with the tort is required." *Wauchop v. Domino's Pizza, Inc.*, 832 F. Supp. 1572, 1575 (N.D. Ind. 1993) (citing *Roake v. Christensen*, 528 N.E.2d 789, 791-92 (Ind. Ct. App.1988); *Bowling v. Holdeman*, 413 N.E.2d 1010, 1014 (Ind. Ct. App.1980); *Birt v. St. Mary Mercy Hosp. of Gary, Inc.*, 370 N.E.2d 379, 381 (Ind. Ct. App. 1977)) (other citation omitted). No such additional connection has been identified in either the proposed second amended complaint or in Plaintiffs' briefing.

To the extent that Plaintiffs are seeking to disregard the corporate entities of Harley-Davidson and GDTNA, the burden is on Plaintiffs to "establish[] that the corporation was so ignored, controlled or manipulated that it was merely the instrumentality of another, and that the misuse of the corporate form would constitute a fraud or promote injustice." *Gurnik v. Lee*, 587 N.E.2d 706, 710 (Ind. Ct. App. 1992). There are eight practices that most often result in a court deciding to disregard the corporate form:

> (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form.

*JMB Mfg., Inc. v. Child Craft, LLC*, 939 F. Supp. 2d 909, 918-19 (S.D. Ind. 2013) (quoting *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994)). The party seeking to pierce the corporate veil "must show a causal connection between misuse of the corporate form and the harm suffered by the movant." *Id*. (citing *CBR Event Decorators, Inc. v. Gates*, 962 N.E.2d 1276, 1282 (Ind. Ct. App. 2012)). In this case, Plaintiffs have not alleged any misuse of the corporate form, nor explained why it is appropriate to hold employees liable for a product manufactured by the corporate entities who are already defendants in this suit. *See Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1232 (Ind. 1994) ("Indiana courts are reluctant to disregard a corporate entity, but will do so to prevent fraud or unfairness to third parties.") (citing *Magic Packing Co. v. Stone-Ordean-Wells Co.*, 64 N.E. 11, 12 (Ind. 1902); *Gurnik*, 581 N.E. 2d at 710).

It appears in one section of their reply brief that Plaintiffs may be gesturing towards an allegation of fraud against individual employees and officers. Indeed, Indiana law provides that "[a corporate] officer is personally liable for the torts in which she has participated or which she has authorized or directed." *Civil Rights Comm'n v. Cnty Line Park, Inc.*, 738 N.E.2d 1044, 1050 (Ind. 2000); *see also DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 346 (7th Cir. 2004) ("Under Indiana state law, an officer or shareholder of a corporation can be held individually liable, without the need to pierce the corporate veil, if he personally participates in the fraud."). However, nowhere in the proposed second amended complaint do Plaintiffs allege fraud with the particularity needed to survive a motion to dismiss. Fed. R. Civ. P. 9(b); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) ("[A] plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud – 'the first paragraph of any newspaper story.'" ) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)).

The Court need not reach Harley-Davidson's and GDNTA's arguments about personal jurisdiction since the request to amend is being denied for the reasons described above, but notes that, despite Plaintiffs' arguments about the propriety of jurisdiction in the Northern District of Indiana as to the corporate defendants, which is not disputed, they have not addressed the Court's personal jurisdiction over the individual employees it seeks to add as defendants. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) ("The plaintiff bears the burden of establishing personal jurisdiction."); *see also Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1946) ([I]n order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

## C.    Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiffs' Motion for Order Granting Leave of Court to File Plaintiffs' Second Amended Complaint [DE 152] and **GRANTS** Plaintiffs' Uncontested Motion Requesting Ruling on Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 189].

SO ORDERED this 14th day of January, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
Defendant Paul Comeau, *pro se*