UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONALD N. TIMM and <br> MARY K. TIMM, <br>     Plaintiff, <br><br> v. <br><br> GOODYEAR DUNLOP TIRES <br> NORTH AMERICAN, LTD., *et al.,* <br> Defendants, <br> ───────────────────────── <br><br> TEGOL, INC., <br>     Crossclaimant, <br><br> v. <br><br> PAUL COMEAU, <br>     Crossclaim Defendant. | CAUSE NO.: 2:14-CV-232-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery and Extend Discovery Cutoff Date in Face of Defendants' Refusal to Produce Deponents [DE 223], filed May 1, 2016. Plaintiffs seek an order compelling Defendants Goodyear Dunlop Tires North America, LTD., (GDTNA) and Harley-DavidsonMotor Company, LLC to produce a number of individuals for depositions, and for a corresponding extension of the discovery deadline.

**I.    Background**

On July 8, 2014, Plaintiffs filed a Complaint bringing claims of personal injury and products liability against multiple defendants for injuries arising out of a motorcycle accident. Plaintiffs' Amended Complaint was filed on May 22, 2015.

On February 26, 2015, a Rule 16 Preliminary Pretrial Conference was held at which the

1

Court set a number of deadlines in the case. The fact discovery deadline was extended several times, and on March 15, 2016, the date it was set to expire, Plaintiffs filed a motion requesting extension of it and several other deadlines. After extensive briefing, on June 30, 2016, the Court generally extended the fact and final discovery deadlines.

Plaintiffs filed the instant Motion on May 1, 2016. On May 16, 2015, Defendants GDTNA and Harley-Davidson each filed a response to the Motion. None of the other defendants filed a response within the time allotted to do so. Plaintiffs did not file a reply before the time to do so had passed, but on May 20, 2016, Plaintiffs filed a supplement including more correspondence between the parties about the disputed discovery issues.

## II.     Analysis

Plaintiffs move to compel several depositions, including 30(b)(6) witnesses, and argue that GDTNA and Harley-Davidson unreasonably objected to them.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery includes depositions, and Rule 30(b)(6) provides for depositions of corporate representatives. It requires the organization to designate people "who consent to testify on its behalf" and who "must testify about the information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See*

2

*Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery . . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discover in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Northern District of Indiana Local Rule 37-1 provides that a "party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1. Plaintiffs did not file a certification regarding the parties' conference pursuant to Local Rule 37-1, although the majority of the motion itself is reiteration of correspondence between the parties, much of which was also attached. The Court will not deny the Motion for its technical failure to comply with the Rule 37 requirements.

Plaintiffs argue generally that GDTNA and Harley-Davidson are refusing to allow Plaintiffs to depose witnesses with actual knowledge on certain subjects. Plaintiffs argue that they are seeking depositions regarding particular documents produced by Defendants as well as information regarding testing on the Dunlop 402 tire and the negotiation and execution of an agreement between Harley-Davidson and GDTNA, but that the prior witnesses deposed by Plaintiffs did not have sufficient personal knowledge about these topics. They argue that the information Harley-Davidson and GDTNA are asking them to rely upon is inadmissible hearsay and are seeking deponents who can provide admissible evidence relevant to their claims and defenses.

Plaintiffs do not specify exactly whose depositions they would like the Court to compel. Plaintiffs refer generally to "depositions" in their Motion, but attach a single undated Notice of Deposition for a T. Wythe seeking information about "testing and evaluation of the Dunlop D402 tire and rim for control and debeading" in an April 5, 2016, deposition. GDTNA and Harley-Davidson explain that Plaintiffs initially noticed a fairly large number of depositions, but that the list was later narrowed to four. In the discussions between the parties, GDTNA and Harley-Davidson objected to those four depositions as disproportionate to the ends of the case, since the topics covered were within the scope of the Rule 30(b)(6) depositions. To the extent that Plaintiffs are now only trying to compel the deposition of Wythe, GDTNA argues that he is no longer employed by GDTNA or otherwise under its control.

Harley-Davidson argues that the instant Motion should be denied because Harley-Davidson fulfilled its obligations to provide a 30(b)(6) witness who was prepared to testify about the topics in the notices with both personal knowledge and information reasonably known or available to Harley-Davidson. It argues that additional depositions on the same topics would be duplicative and the burden of conducting them would outweigh any possible benefits, particularly since Plaintiffs do not include any specific argument about how the requested depositions could lead to relevant information that was not or could not have been discovered through previous depositions. GDTNA likewise argues that much of the information sought by Plaintiffs is more discoverable from a 30(b)(6) deponent, such as why tests were conducted a particular way, but that Plaintiffs did not complete the deposition of the person GDTNA designated as having knowledge about the testing.

Plaintiffs cite case law for the proposition that affidavits filed in support of summary judgement must be based on non-hearsay evidence, and from that argue that Defendants should be

4

required to produce deponents to answer questions about facts within their own personal experience. Plaintiffs appear to either be ignoring or misunderstanding that the witnesses referred to by GDTNA and Harley-Davidson are 30(b)(6) witnesses, designated to testify on behalf of the company. A 30(b)(6) designee is authorized "to testify not only to matters within his personal knowledge but also to 'matters known or reasonably available to the organization.' Thus, [the designee] was free to testify to matters outside his personal knowledge as long as they were within the corporate rubric." *PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894-95 (7th Cir. 2004) (quoting Fed. R. Civ. P. 30(b)(6); citing *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 627 n. 7 (7th Cir. 2001)); *see also Aldridge v. Lake Cty. Sheriff's Office*, No. 11 C 3041, 2012 WL 3023340, at *4 n.18 (N.D. Ill. July 24, 2012) ("the witness/designee need not have any personal knowledge") (quoting *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012)); *In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *8 (N.D. Ill. Mar. 20, 2015) ("A designated Rule 30(b)(6) witness is thus not limited to her personal knowledge. She also testifies vicariously for the corporation, as to its knowledge and perceptions.") (quotation omitted); *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (refusing to limit a 30(b)(6) deponent's "testimony strictly to matters within [his] personal knowledge" because "strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve"); *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, No. 102CV1014LJMVSS, 2006 WL 2644935, at *6 (S.D. Ind. Sept. 14, 2006) (denying motion to strike, for lack of personal knowledge, testimony submitted in support of motion for summary judgment because witness "was designated as a Rule 30(b)(6) witness for [the corporation], allowing him to testify not only from his personal knowledge but also as to matters 'known or reasonably available to the organization.'")

5

(quoting Fed. R. Civ. P. 30(b)(6)).

The designation of a 30(b)(6) deponent does not necessarily mean that no fact depositions are needed. *See, e.g., Sara Lee*, 276 F.R.D. at 503 ("the purposes underlying Rule 30(b)(6) must be balanced against the real dangers of admitting testimony based on hearsay"). If the 30(b)(6) deponents could not provide sufficient information about the topics they were designated to address, that would certainly be grounds for Plaintiffs to request to take additional depositions. *See Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000). If Defendants refuse to provide discoverable information requested by Plaintiffs, that likewise would be grounds for a motion to compel. *See* Fed. R. Civ. P. 37(a)(3). However, in the instant Motion Plaintiffs do not describe exactly who they are seeking to depose or what information they are seeking that Defendants refuse to provide. Although they argue generally that the depositions they have taken so far involve inadmissible hearsay, Plaintiffs have not identified any particular hearsay or area of testimony that requires personal knowledge and cannot be testified to by a corporate designee. Plaintiffs do not address specifically why the 30(b)(6) depositions were deficient, what questions or areas of testimony Plaintiffs sought that could not have been addressed in one of the previous depositions, or what specific depositions they are now seeking to fill in the gaps of information. Although the Court is sympathetic to Plaintiffs' desire to obtain complete discovery regarding their case, they have not provided enough information for the Court to determine whether it needs to intervene in this discovery dispute. Without knowing whose deposition(s) Plaintiffs would like to take, the topics of the deposition(s), and why previous depositions were insufficient to explore those topics, the Court cannot determine whether it should compel a response pursuant to Federal Rule of Civil Procedure 37(a)(3).

Plaintiffs also seek an extension of the discovery deadline. In a previous Order, the Court vacated the discovery deadlines and extended them, to be reset at an upcoming status conference that will be set by a separate order. Because discovery is still open, the Court admonishes the parties to continue working together to complete what discovery is needed.

## III. Conclusion

For the foregoing reasons, the Court hereby **DENIES in part** Plaintiffs' Motion to Compel Discovery and Extend Discovery Cutoff Date in Face of Defendants' Refusal to Produce Deponents [DE 223] to the extent that it seeks to compel additional depositions and **DENIES as moot** the request to extend the discovery deadlines.

Because the motion to compel is denied, the Court "must, after giving the opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court hereby **ORDERS** Harley-Davidson and GDTNA to **FILE**, on or before **July 22, 2016**, itemizations of their costs and fees, including attorney's fees, incurred in opposing the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Plaintiffs to **FILE** responses to the requests for expenses and any argument as to the reasonableness of the fees or why payment of fees is unjust on or before **August 1, 2016**.

SO ORDERED this 8th day of July, 2015.

                                        s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Defendant Paul Comeau, *pro se*