UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DONALD TIMM; MARY TIMM, )
)
      Plaintiffs, )
)
   v. ) NO. 2:14CV232-PPS
)
GOODYEAR DUNLOP TIRES NORTH )
AMERICA LTD, et al., )
)
      Defendants.

## OPINION AND ORDER

This case involves claims under the Indiana Products Liability Act made by the Donald and Mary Timm against Goodyear Dunlop Tires and Harley-Davidson. The Timms were involved in a catastrophic motorcycle accident leading to their severe injuries. They contend that defects in the tire and motorcycle were the causes of the accident. I granted summary judgment in favor of the defendants in this case, Goodyear Dunlop Tires and Harley-Davidson. [DE 351.] The Timms now seek reconsideration of that decision pursuant to Federal Rule of Civil Procedure 59(e), and they also filed a motion to supplement the record. [DE 353, 354.] For the reasons that follow, I will deny both of their motions.[1]

Motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure. But courts apply Rule 59(e) standards to these motions. *Martin v.*

---

[1] Because there is no mention of the helmet defendants, I assume that they are not seeking reconsideration of that opinion in which I granted summary judgment on February 15, 2018.

*Teusch*, 2011 WL 3610619, at *1 (N.D. Ind. Aug. 16, 2011). Rule 59(e) permits a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

Rule 59(e) does not allow for the presentation of new evidence that could have been presented before the judgment was entered. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). What's more, a motion for reconsideration cannot be used to simply re-litigate issues that have already been decided. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Instead, a motion for reconsideration performs a "valuable function" in cases where the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The Timms have moved for reconsideration on several bases. First, they point to "critical facts of the accident as described by the eyewitness" as supporting the experts' conclusions that there was a defect in the subject tire. I don't know whether that's true or not. But that's the problem. The Timms' argument was that there was excess flash and a too-thin rubber chafer strip – a defect – that caused the tire to become unseated from the motorcycle rim. Whether these issues are defects, whether the tire in fact had these issues, and whether these issues could have caused the tire to become unseated

2

are all questions that are well beyond the understanding of an average person. And so the Timms needed expert testimony to answer these questions. The Timms presented William Woehrle. But for all of the reasons stated in my Opinion granting summary judgment, Woehrle's proposed testimony failed to meet the standards of *Daubert* and Federal Rule of Evidence 702. Nothing the eyewitnesses saw and testified to affects my analysis in that regard.

Second, the Timms rehash all of the same arguments for claiming that their experts, Dr. Daniel Lee and Woehrle, are qualified to provide testimony concerning the alleged defect in this case. But the Timms have failed to provide any newly discovered evidence or to point out a manifest error of law that would persuade me to change my conclusion. The Timms' only new evidence is a magazine article from *Cycle World*. This article was published in 1981 and is hardly new. Moreover, as their arguments relate to Dr. Lee, the Timms never even opposed the defendants' motion to exclude his testimony. That argument has long been waived.

The only error of law that the Timms identify is that my conclusion that the opinions of their experts fail to meet the *Daubert* standard is contrary to the holding in *Metavante Corporation v. Emigrant Savings Bank*, 619 F.3d 748 (7th Cir. 2010). I note that the Timms mentioned this alleged error of law only in their reply brief. Generally, arguments raised for the first time in a reply brief are deemed waived. *See Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 655 (7th Cir. 2005). Nevertheless, I will address the Timms' argument.

The *Metavante* case is entirely inapposite. In that case, the proposed expert was a consultant who was experienced in financial services technology. He testified that defendant company Metavante had performed its services in a commercially reasonable way. *Id.* at 760. To reach his conclusion, he relied on "'the level of deposits that were achieved on this system, the number of accounts that were opened, transactions that were involved,' as well as Metavante's responsiveness to Emigrant's concerns and issues." *Id.* Importantly, the Seventh Circuit agreed with the district court that the expert's testimony was not *ipse dixit*. But that was because the expert offered something other than "because I said so." *Id.* The expert had based his conclusions on his experience in the industry and his observation of what other businesses did, as to be considered "commercially reasonable." *Id.*

The opinions offered by Woehrle and Dr. Lee could not be more different from the opinion at issue in *Metavante*. The question in this case was whether the alleged defects caused the tire bead to become unseated from the rim, thereby causing the Timms to lose control of their motorcycle. Where the question was one of whether a certain practice was "commercially reasonable," it makes sense that a person's experience in the industry is highly relevant. What other basis could a person have for concluding a practice is reasonable? Here, Woehrle's experience, as it was presented to me, is not sufficient to answer the highly technical question of whether the defects caused the tire bead to become unseated. And even if it was sufficient, the Timms do not explain how Woehrle's experience would have given him any insight into whether

4

the defect caused the unseating. Moreover, in *Metavante*, the expert's opinion was based on the usual business practice, not just his experience as a general matter. His opinion wasn't *ipse dixit* because it was based on something *other than* "because he said so." *Id.* That is not the case here. As explained in my Opinion, Woehrle's opinions were based on exactly that.

Next, the Timms claim that I misconstrued the ultimate opinions of their experts. I don't see how this is the case, and the Timms don't explain it to me. All of the Timms' arguments on this point are the same arguments they raised in their brief in opposition to summary judgment. For instance, they now argue that excess flash is more than a cosmetic defect. The whole dispute at the summary judgment stage centered on whether excess flash is a defect that could have caused their accident. The Timms had already presented the evidence that Goodyear scrapes the flash off the tires before sending them out. The problem with the Timms' argument was that they had offered only the testimony of Woehrle to support their contention that excess flash is a defect that caused their injuries, but Woehrle's opinion was, in my view, not reliable.

Finally, the Timms state that Goodyear no longer manufactures the tire at issue in the case and is out of the motorcycle tire business altogether. They haven't told me when they learned this or in any way indicated that this is new evidence. But even if it was new and I permitted the Timms to introduce it, this one piece of evidence, standing alone, does not alter my prior conclusion that summary judgment is appropriate. It also

5

does not constitute a manifest error of law for which altering the judgment would be proper.

In addition to seeking reconsideration, the Timms also seek to supplement the record with several depositions. The Timms presumably had these depositions in their possession when they filed their brief opposing summary judgment – long before judgment was entered. They have not pointed to any reason why I should allow them to present them now when they could have easily done so before.

**ACCORDINGLY:**

For all of the above reasons, the Timms' motion to reconsider [DE 353] is DENIED. The Timms' Motion to Supplement with Depositions in Support of Motion to Reconsider [DE 354] is DENIED.

**SO ORDERED.**

**ENTERED:** June 14, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT